UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONDERRICK JEROME WRIGHT,

Petitioner,

v.                                                          CASE NO. 6:14-cv-1257-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 5). Thereafter, Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions (Doc. 13). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner asserts five grounds for relief. For the following reasons, the petition is denied.

### I. PROCEDURAL BACKGROUND

Petitioner was charged with robbery with a firearm (count one), possession of a firearm by a convicted felon (count two), fleeing and eluding at high speed or with wanton disregard (count three), and driving while license cancelled, suspended or revoked (count four). (Doc. 14-2 at 9). The trial court severed counts two and four from counts one and three for trial. (Doc. 14-10 at 27-28). A jury found Petitioner

guilty of counts one and three.[1]  (Doc. 14-2 at 72-73).  The trial court sentenced Petitioner to a twenty-year term of imprisonment for count one and to a concurrent fifteen-year term of imprisonment for count three. (Doc. 14-3 at 57-64; Doc. 14-4 at 1-3). Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*.  (Doc. 14-8 at 69).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  (Doc. 14-8 at 73-81).  The state court denied the motion.  (Doc. 14-9 at 111-13; Doc. 14-10 at 1-2).  Petitioner appealed, and the Fifth DCA affirmed *per curiam*.  (Doc. 14-11 at 40).

## II.   LEGAL STANDARDS

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] The disposition of counts two and four is unclear.  The Court assumes that either the State discharged those counts or Petitioner was acquitted of the charges because the Florida Department of Corrections inmate sheet reflects Petitioner has no convictions for theses offenses.  *See* http://www.dc.state.fl.us.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner

3

shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

#### A.   *Ground One*

Petitioner asserts the trial court erred by denying his motion to exclude Daniel Shufelt's ("Shufelt") in-court and out-of-court identifications of Petitioner. In support of this ground, Petitioner argues that the show-up identification was unduly suggestive.

Petitioner filed a motion to exclude Shufelt's out-of-court identification. (Doc. 14-4 at 38). The state court conducted a hearing on the motion and summarily denied it. (*Id.* at 38-73). Shufelt subsequently testified at trial and identified Petitioner as one of the perpetrators. (Doc. 14-6 at 1-2). Petitioner raised ground one on direct appeal, and the Fifth DCA affirmed the trial court's denial of the motion *per curiam*. (Doc. 14-8 at 69).

The Supreme Court of the United States has explained that "[s]uggestive confrontations are disapproved because they increase the likelihood of misidentification, and unnecessarily suggestive ones are condemned for the further reason that the

5

increased chance of misidentification is gratuitous." *Neil*, 409 U.S. at 198. However, suggestive "show-up" identifications are admissible if, based on the totality of the circumstances, the identification was reliable. *Id.* at 199. "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Id.* at 199-200. "The state court's findings on each of the *Biggers* factors are entitled to a presumption of correctness, and [the petitioner must show] that those findings were clearly erroneous." *Hawkins v. Sec'y, Fla. Dep't of Corr.*, 219 F. App'x 904, 907 (11th Cir. 2007). Additionally, in cases involving review of a state criminal judgment pursuant to 28 U.S.C. § 2254, "an error is harmless unless it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Fry v. Pliler*, 551 U.S. 112, 116, 127 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)).

Shufelt testified at the hearing that three individuals, two of whom were initially wearing masks, robbed the pawn shop where he worked. (Doc. 14-4 at 43). The perpetrators took off their masks during the course of the offense. (*Id.*). Shufelt identified Petitioner as the perpetrator who broke display cases and stole firearms and jewelry during the offense. (*Id.* at 45). Shufelt said he was within two feet of Petitioner during the offense and Petitioner was not wearing a mask. (*Id.* at 46).

6

Shufelt indicated that the robbery took approximately three to four minutes and he got a good look at Petitioner before the perpetrators fled the store. (*Id.* at 46-47). Shufelt said Petitioner was wearing a hoody and had a regular haircut that was about "¾ of an inch or so, [and] kind of rounded." (*Id.* at 56-57). According to Shufelt, approximately thirty minutes after the robbery, a policeman asked him to go to the location where the perpetrators had been apprehended. (*Id.* at 49, 52). Shufelt rode with an officer to the site at which time he identified Petitioner, who was wearing handcuffs and standing next to a police car. (*Id.* at 49-52). Shufelt said he was about 100 feet from Petitioner when he identified him and was absolutely certain that Petitioner was one of the perpetrators. (*Id.* at 51-52).

The evidence demonstrates that (1) Shufelt had sufficient opportunity to view Petitioner at the time of the incident, (2) Shufelt's attention was focused on the perpetrators, (3) Shufelt described the hooded sweatshirt worn by the perpetrator which was similar to the one found in the home where Petitioner was subsequently apprehended, (4) Shufelt was certain that Petitioner was one of the perpetrators when he saw him, and (5) Shufelt identified Petitioner approximately thirty minutes after the offense was committed. Thus, the evidence was sufficient for the trial court to conclude that the suggestive show-up identification was reliable based on the totality of the circumstances. Consequently, Petitioner has not demonstrated that the state court's denial of the motion to exclude was contrary to, or an unreasonable application of, *Neil*

or an unreasonable determination of the facts. Furthermore, any error in the admission of the identification was harmless given the other evidence presented at trial showing that Petitioner was the driver of the vehicle in which the perpetrators fled and in which the stolen items were recovered. Accordingly, ground one is denied pursuant to 28 U.S.C. § 2254(d).

### B.     *Grounds Two through Five*

In grounds two through five, Petitioner asserts counsel rendered ineffective assistance in relation to his consideration of the plea offer. Specifically, in ground two Petitioner contends he rejected the plea offer because counsel failed to advise him that the defense of misidentification could not guarantee a verdict of not guilty. (Doc. 5 at 6-7). Petitioner further complains in ground three that counsel failed to advise him that the defense of misidentification "would permit the State to introduce evidence conclusively identifying him as a participant in the robbery." (*Id*. at 8). In ground four, Petitioner maintains that he was "insufficiently aware of the relevant circumstances and likely consequences of insisting on going to trial and claiming misidentification as a defense." (*Id.* at 9). Finally, in ground five, Petitioner asserts counsel failed to explain that the evidence was overwhelming and that it was unlikely a defense of misidentification would be successful.

Petitioner raised these grounds in his Rule 3.850 motion. The state court denied relief. (Doc. 14-9 at 112-113; Doc. 14-10 at 1-2). The state court reasoned that Petitioner

rejected the plea offer despite knowing prior to trial: (1) the motion to exclude Shufelt's identification had been denied, (2) he was facing a maximum sentence of life in prison if convicted at trial, and (3) the substance of the testimony the witnesses would provide. (Doc. 14-9 at 113; Doc. 14-10 at 1-2). The state court noted that Petitioner admitted he had read the trial transcript of one of his codefendants prior to his trial and that the same witnesses, who testified at Petitioner's trial, had testified at his co-defendant's trial. (Doc. 14-10 at 1). The state court further noted that Petitioner rejected the plea offer on the record and affirmed he understood it and did not have any questions about it. (*Id.*). The state court concluded that Petitioner "rejected the plea based on his reasonable belief that the best strategy was to argue misidentification; the mere fact that . . . [Petitioner] did not prevail at trial does not translate into a deficient performance on the part of defense counsel." (*Id.* at 2).

In *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), the Supreme Court of the United States held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. Therefore, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler*, 132 S. Ct. at 1387. The two-part test enunciated in *Strickland* applies to claims that counsel was ineffective during plea negotiations. *Lafler*, 132 S. Ct. at 1384 (applying *Strickland's* two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); *Hill v. Lockhart*, 474 U.S. 52, 48 (1985) (applying *Strickland's*

9

two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel). With respect to the prejudice inquiry, the Supreme Court held that the defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Lafler*, 132 S. Ct. at 1384–85.

Petitioner has not established that the state court's denial of these grounds is contrary to, or an unreasonable application of, *Strickland* or *Lafler*. Prior to rejecting the plea offer, Petitioner knew that the trial court had denied his motion to exclude Shufelt's identification and that Shufelt had identified him as one of the perpetrators. Furthermore, Petitioner had read the trial transcript of one of his co-defendants prior to his trial and knew the substance of the testimony the witnesses would give at his trial. To the extent Petitioner complains counsel was deficient because she did not predict what the jury might find, this argument is unavailing. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) ("Counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision."). "Trial counsel was not constitutionally defective because [she] lacked a crystal ball." *Id*.

Furthermore, Petitioner has not demonstrated that a reasonable probability exists that he would have accepted the plea offer had counsel further advised him about the

10

misidentification defense. Petitioner knew he was subject to a maximum sentence of life in prison and that witnesses would implicate him in the offense. Petitioner chose to proceed to trial despite this knowledge, and he has not explained what further advice counsel could have given him that likely would have altered his decision. In sum, Petitioner has not established either deficient performance or prejudice. Accordingly, grounds two through five are denied pursuant to 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.

However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 5) filed by Ronderrick Jerome Wright is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of January, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Ronderrick Jerome Wright
Counsel of Record